IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**THEODORE WALTER PIOTROWSKI, JR.,** *et al.***,**

**Plaintiffs,**

v.

**FEDERMAN AND PHELAN, LLP,** *et al.***,**

**Defendants.**

: CIVIL NO. 1:05-CV-1455
:
: JUDGE SYLVIA H. RAMBO

## **M E M O R A N D U M**

Before the court is Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (Doc. 5). The parties have briefed the issues and the matter is ripe for disposition. For the reasons that follow, the court will grant Defendants' motion.

**I.     Background**

This case arises out of a state foreclosure action. Plaintiffs Theodore W. Piotrowski, Jr. and Wanda Sue Piotrowski ("the Piotrowskis") allege that Defendants violated provisions of The Fair Debt Collection Practices Act ("FDCPA"), The Fair Credit Reporting Act ("FCRA"), the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") when they commenced a mortgage foreclosure action against Plaintiffs in October 2003 in the York County Pennsylvania Court of Common Pleas.

In the state Complaint in Mortgage Foreclosure, Defendants (then Plaintiffs) identified RBMG, Inc. ("RBMG") as the legal owner of the mortgage for Plaintiffs' (then Defendants) property located at 3686 Sorrel Ridge Lane, York, PA 17402 ("the property"), stating that RBMG was in the process of formalizing the assignment of the mortgage for the property.  The parties dispute various issues regarding the assignment and whether RBMG was in fact the owner of the mortgage.

In addition, the parties appear to dispute whether Defendants properly effected service of their motion for summary judgment in the state court.  The Piotrowskis did not file a response to the motion.  The state court granted the motion for summary judgment on August 31, 2004, and entered judgment in favor of RBMG for $69,324.90 plus interest and costs.

The disputes over RBMG's status as mortgagor and service of the summary judgment motion form the basis of Plaintiffs' allegations that the state court action was improper, fraudulent, and illegal.

Plaintiffs filed this action, *pro se*, on July 20, 2005.  However, Plaintiffs subsequently obtained counsel, through which they filed a response to the instant Motion to Dismiss on October 6, 2005.  Defendants filed the instant Motion to Dismiss on September 12, 2005.

II.     **Legal Standard**

   A.     **Motion to Dismiss Pursuant to Rule 12(b)(1)**

" 'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.' "  *Vieth v.*

*Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)).  The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (citing *Growth Horizons v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir. 1993)).

A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Carpet Group Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). This case presents a facial challenge to subject matter jurisdiction because Defendants do not dispute, at this juncture, the relevant jurisdictional facts alleged in the complaint. *See* 2 James Wm. Moore et al., Moore's Federal Practice – Civil ¶ 12.30[4] (3d ed. 1999) (explaining the difference between a facial and factual challenge to subject matter jurisdiction pursuant to Rule 12(b)(1)). Therefore, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B.     Motion to Dismiss Pursuant to Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s]

on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999). In the case of a *pro se* plaintiff, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in

making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.      Discussion

The court will dismiss Plaintiffs' Complaint because it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Therefore, the court will not reach Defendants' alternative argument that the Complaint should be dismissed for failure to state a claim based on principles of *res judicata.*

#### A.      The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine[1] provides that "lower federal courts may not sit in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998). Because jurisdiction to review a state court's decision rests solely in the United States Supreme Court, *see* 28 U.S.C. § 1257, federal district courts lack subject matter jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Court of*

---

[1] The *Rooker-Feldman* doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Circuit Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts." *In re Pamela Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Specifically, a claim is barred by the *Rooker-Feldman* doctrine if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* In assessing whether a claim was "actually litigated" in state court, the court must look to the substance of the claims adjudicated in the state court compared to the plaintiff's claims in the federal action. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 364 F.3d 102, 105 (3d Cir. 2004), *rev'd on other grounds,* 125 S. Ct. 1517 (2005).

Alternatively, a federal claim is inextricably intertwined with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *Knapper*, 407 F.3d at 581. Thus, a plaintiff is foreclosed from seeking relief in federal court that would "prevent a state court from enforcing its orders." *Id.*

**B.    Analysis**

As a threshold matter, the federal claims at issue (i.e. the violations of the FDCPA and FCRA), as well as the supplemental FCEUA and UTPCPL claims, were never actually litigated in the state court. Thus, the relevant inquiry here is

whether the instant action is inextricably intertwined with the state court action. The court finds that it is; thus this court lacks subject matter jurisdiction.

Plaintiffs' response to Defendants' Motion to Dismiss argues that because its claims are predicated upon Defendants' status as statutory "Debt Collectors" under 15 U.S.C. § 1692a(6)(F)(ii) and (iii), it is not necessary to vacate or nullify RBMG's mortgage. However, Plaintiffs' allegations that Defendants' state mortgage foreclosure action violated various provisions of federal and state law rely upon the premise that the mortgage assignment to Defendant RBMG was improper. Regardless of whether the Defendants are considered mortgagors or debt collectors, the legality of their conduct with respect to the federal claims turns upon the validity of the mortgage assignment to RBMG.

If the court were to determine that the assignment to RBMG was improper, the result would call into question Defendants' standing to bring the foreclosure action on RBMG's behalf in state court. Thus, such a finding would necessarily "negate the state court's judgment." *Id.* Accordingly, Plaintiffs' instant lawsuit is "inextricably intertwined" with the state court judgment and falls squarely within the category of cases that the *Rooker-Feldman* doctrine precludes a federal court from considering. Thus, the court lacks subject matter jurisdiction here.

Because the court lacks subject matter jurisdiction, it would be futile to allow Plaintiffs to amend the Complaint.

**IV.**     **Conclusion**

    For the foregoing reasons, the court will grant Defendants' Motion to Dismiss.  An appropriate order will issue.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated:  November 22, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THEODORE WALTER PIOTROWSKI, JR., et al,** : **Plaintiffs,** : v. : **FEDERMAN AND PHELAN, LLP, et al,** : **Defendants.** : | **CIVIL NO. 1:05-CV-1455** **JUDGE SYLVIA H. RAMBO** |

# O R D E R

In accordance with the court's accompanying Memorandum of Law,

**IT IS HEREBY ORDERED THAT:**

1) Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5) is **GRANTED**.

2) The Complaint is **DISMISSED, with prejudice**.

3) The Clerk of Court is directed to close the file.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: November 22, 2005.