IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THEODORE WALTER PIOTROWSKI, JR.,** *et al.*,<br>**Plaintiffs**<br><br>v.<br><br>**FEDERMAN AND PHELAN, LLP,** *et al.*,<br>**Defendants** | **CIVIL NO. 1:05-CV-1455**<br><br>**JUDGE SYLVIA H. RAMBO** |

## **M E M O R A N D U M**

Before the court is Plaintiffs' Motion to Reconsider Order Dismissing Plaintiffs' Complaint (Doc. 22). For the following reasons, the court will deny the motion.

**I.** **Background**

Plaintiffs' complaint arose out of Defendants' alleged actions in a state foreclosure action. Plaintiffs Theodore W. Piotrowski, Jr. and Wanda Sue Piotrowski ("the Piotrowskis") alleged that Defendants violated provisions of The Fair Debt Collection Practices Act ("FDCPA"), The Fair Credit Reporting Act ("FCRA"), the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") when they commenced a mortgage foreclosure action against Plaintiffs in October 2003 in the York County Pennsylvania Court of Common Pleas.

Plaintiffs filed their complaint, *pro se*, on July 20, 2005. However, Plaintiffs subsequently obtained counsel, through which they filed a response to the

Defendants' Motion to Dismiss (Doc. 5). The court granted the Motion to Dismiss, with prejudice, on November 22, 2005, for lack of subject matter jurisdiction. Through counsel, Plaintiffs filed the instant motion for reconsideration on December 2, 2005.[1]

**II.      Legal Standard**

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[2] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

---

[1] Plaintiffs also request a new trial pursuant to Federal Rule of Civil Procedure 59(b). However, a motion for new trial presupposes the existence of a trial. *See* Fed. R. Civ. P. 59(a) ("A new trial may be granted . . . (1) in an action in which there has been a trial by jury . . . ; and (2) in an action tried without a jury . . . ."). Because Plaintiffs' complaint was dismissed for lack of subject jurisdiction, there was no trial; thus, a motion for a new trial is improper under these circumstances. Accordingly, the court will consider Plaintiff's motion to be solely a motion for reconsideration.

[2] Although Plaintiffs state that the motion for reconsideration is filed pursuant to Local Rule 7.10, they do not specify the Federal Rule of Civil Procedure their motion is brought under. When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). " 'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.' " *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III.    Discussion

Plaintiffs fail to allege any changes in law, manifest errors of law or fact, or newly discovered evidence as a basis for reconsideration. Instead, Plaintiffs seek reconsideration of the court's order dismissing the complaint because they think the court misconstrued allegations made by Plaintiffs, who filed the complaint *pro se* before obtaining counsel. Plaintiffs state that they are moving for reconsideration only to seek damages for actions taken by Defendants in the course of the state court proceedings, not to have the court review, or grant relief from, the state court judgment. (Pls.' Mot. to Reconsider ¶¶ 12-13.) Specifically, Plaintiffs allege that Defendants made representations in the state proceedings that constituted unlawful

means of debt collection, which, they argue, are grounds that support the claims in their complaint, but do not require relief from the state court judgment.  (*Id.*)

However, Plaintiffs, through counsel, made the same argument in their brief opposing Defendants' motion to dismiss.  The court considered and ruled upon Plaintiffs argument at that time.  (*See* Doc. 21 at 7.)  Accordingly, the instant motion seeks only to reargue a matter that the court has already disposed of.  *See Ogden*, 226 F. Supp. 2d at 606.  Because this is not a proper ground for reconsideration, the court will deny Plaintiffs' motion.

## IV.       Conclusion

For the foregoing reasons, the court will deny Plaintiffs' motion for reconsideration.  An appropriate order will issue.

                                                                s/Sylvia H. Rambo
                                                                SYLVIA H. RAMBO
                                                                United States District Judge

Dated:  December 21, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **THEODORE WALTER PIOTROWSKI, JR.,** *et al.***,** : **Plaintiffs** : v. : **FEDERMAN AND PHELAN, LLP,** *et al.***,** : **Defendants** : | **CIVIL NO.  1:05-CV-1455** **JUDGE SYLVIA H.  RAMBO** |

## O R D E R

For the reasons stated in the accompanying memorandum of law,

**IT IS HEREBY ORDERED THAT:**

Plaintiffs' Motion to Reconsider Order Dismissing Plaintiffs' Complaint (Doc. 22) is **DENIED**.

                                                                                   s/Sylvia H. Rambo
                                                                                    SYLVIA H. RAMBO
                                                                                    United States District Judge

Dated:  December 21, 2005.